UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

EDWIN JEOVANNY CATALAN CATALAN,

                Petitioner,         **MEMORANDUM & ORDER**
                                          26-CV-1680 (EK)

           -against-

MARKWAYNE MULLIN,[1] in his official
capacity as Secretary of the U.S.
Department of Homeland Security, et
al.,

                Respondents.

------------------------------------x
ERIC KOMITEE, United States District Judge:

      Edwin Jeovanny Catalan Catalan petitioned for a writ
of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he
was wrongfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A)
and, accordingly, was entitled to a bond hearing under 8 U.S.C.
§ 1226(a).  On March 20, this Court directed the government to
afford petitioner a bond hearing by April 3 or otherwise release
him.  Order, ECF No. 6.  On April 1, petitioner was given a bond
hearing at which he bore the burden to show he was not a flight
risk or danger.  Bond Hr'g Tr. 3, ECF No. 15-1.  The Immigration
Judge ("IJ") determined he had not carried his burden as to
dangerousness.  Petitioner's Br. 2, ECF No. 15.

      Petitioner now claims that due process entitles him to

---

[1] Mullin has been automatically substituted for his predecessor, Kristi
Noem.  *See* Fed. R. Civ. P. 25(d).

an additional bond hearing at which the "government bears the burden of proof." *Id.* at 4. Because petitioner could have, but did not, request such a hearing in his initial petition, ECF No. 1, the Court construes it as a request to amend. A "petition for habeas corpus may be amended or supplemented as provided by" Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001) (citing by 28 U.S.C. § 2242).[2] The Court grants the request. *See* Fed. R. Civ. P. 15(a)(2).

For the reasons set forth below, petitioner's request for an additional bond hearing is also granted.

## I. Discussion

Petitioner argues that, because he has been detained for more than ten months, he is entitled to an additional bond hearing at which the government must justify his continued detention by clear and convincing evidence. *See* Petitioner's Br. 6 (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020)). The government argues that due process does not entitle petitioner to an additional hearing. Gov. Opp'n Br. 6, ECF No. 16.

When a noncitizen's detention under Section 1226 becomes "unreasonably prolonged, due process demands an *additional* bond hearing [at which] the *government* bears the

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

burden of justifying, by clear and convincing evidence, the detainee's continued detention." *Black v. Almodovar*, 156 F.4th 171, 202 (2d Cir. 2025). The "presumptive limit to reasonable duration" of detention is six months. *Velasco Lopez*, 978 F.3d at 852 (citing *Zadvydas v. Davis*, 533 U.S. 678, 695 (2001)). When the government has not yet obtained a removal order for a detained individual — such that there is "no end in sight" to his detention — that fact further weighs for requiring an additional bond hearing. *Velasco Lopez*, 978 F.3d at 846, 854 n.10; *see Fajardo v. Decker*, No. 22-CV-3014, 2022 WL 17414471, at *10 (S.D.N.Y. Dec. 5, 2022) ("In light of the fact that [petitioner] has been detained for more than 15 months without the Government having to justify his detention at a bond hearing, due process today entitles [petitioner] to a bond hearing at which the Government bears the burden of proof.").

Here, petitioner has been detained for ten months, such that his detention has exceeded "the presumptive limit to reasonable duration." *Velasco Lopez*, 978 F.3d at 852. Further, the government has provided no indication that it has obtained a final removal order for petitioner, nor that removal is forthcoming. *Id.* at 846; *see* Gov. Opp'n 1-5. In this circumstance, *Velasco Lopez* counsels for providing petitioner an additional bond hearing with the burden on the government.

The government argues in response that petitioner's

3

initial bond hearing complied with this Court's order. While that is the case, *Velasco Lopez* makes clear that prolonged detention itself imposes an additional obligation on the government to justify that detention — even when an individual has already been afforded a bond hearing. *See* 978 F.3d at 850.

Petitioner also argues that the IJ improperly denied bond solely because petitioner failed to "show he is not a danger" — without accounting for other relevant factors, such as family ties. Petitioner's Br. 1-3; *see* Hr'g Tr. 7. The government argues in response that petitioner's challenge constitutes a "disagreement with the IJ's weighing of the evidence," and that this Court lacks jurisdiction to review the IJ's decision on that basis. Gov. Opp'n 3. The government asserts further that petitioner must first appeal the IJ's decision to the Board of Immigration Appeals before seeking review of that decision in federal court. *See id.* at 5.

The Court need not address this dispute, however, because we grant petitioner the relief he seeks on the basis discussed above. *Novella v. Westchester Cnty.*, 661 F.3d 128, 149 (2d Cir. 2011); *see Santiago Franco v. Searls*, No. 20-CV-6639, 2021 WL 9463174, at *2 (W.D.N.Y. Mar. 3, 2021) (finding it unnecessary to address alternative claims for relief after affording habeas petitioner the complete relief he sought). Nevertheless, we expect that the assigned IJ will account for

all the appropriate factors in the new decision that issues.

## II.  Conclusion

Petitioner's request for an additional bond hearing is granted.  On or before June 1, respondents shall afford Catalan Catalan a bond hearing at which the government is required to show, by clear and convincing evidence, that petitioner is either a flight risk or danger to the community to justify his continued detention.


SO ORDERED.


    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:     May 19, 2026
           Brooklyn, New York