UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

EDWIN JEOVANNY CATALAN CATALAN,

                    Petitioner,            **MEMORANDUM & ORDER**
                                            26-CV-1680 (EK)

                -against-

MARKWAYNE MULLIN,[1] in his official
capacity as Secretary of the U.S.
Department of Homeland Security, et
al.,

                    Respondents.

-----------------------------------x
ERIC KOMITEE, United States District Judge:

      Edwin Jeovanny Catalan Catalan is detained pursuant to
8 U.S.C. § 1226(a).  Petitioner's Mem. 3, ECF No. 19-1.  He has
now filed a third motion in support of his petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2241.  In response to
his prior motion, the Court ordered that, because petitioner had
been detained for longer than the "presumptive limit to
reasonable duration," *Velasco Lopez v. Decker*, 978 F.3d 842, 850
(2d Cir. 2020), he was entitled to a bond hearing at which the
government was required to show, by clear and convincing
evidence, that he is a flight risk or danger to the community to
justify his continued detention.  Order, ECF No. 17.

      Petitioner received that hearing on June 1, and the

---

[1] Mullin has been automatically substituted for his predecessor, Kristi
Noem.  *See* Fed. R. Civ. P. 25(d).

Immigration Judge ("IJ") denied bond, concluding that petitioner was a danger to the community. IJ Order, ECF No. 18. Petitioner now argues that the hearing did not comply with this Court's order, and requests his immediate release. Petitioner's Mem. 1-2. For the reasons set forth below, petitioner's request for further relief is denied.

Petitioner argues that the IJ "did not appropriately apply the burden of proof" because the IJ's "decision was based, in large part, on an adverse finding against [Petitioner] for producing his supporting testimony in written form, rather than through live witnesses . . . ." *Id.* at 9. Petitioner also argues that the government's evidence was inadequate "to support a finding of dangerousness by clear and convincing evidence." *Id.* at 10.

This Court has jurisdiction to review whether petitioner has "received the due process to which he [is] entitled," *Velasco Lopez*, 978 F.3d at 850, but not to review the IJ's weighing of the evidence presented. 8 U.S.C. § 1226(e). Section 1226(e) "precludes judicial review of the IJ's weighing of evidence and factual findings regarding whether [petitioner] is a danger to the community." *Arevalo-Guasco v. Dubois*, 788 F. App'x 25, 27 (2d Cir. 2019); *see Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (same).

Catalan Catalan's challenges are foreclosed by this

precedent because they concern the IJ's weighing of the evidence, not due process. *See Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006)("An assertion that an IJ or the BIA misread, misunderstood, or misapplied the law in weighing [evidence] relevant to the grant or denial of discretionary relief does not convert what is essentially an argument that the IJ . . . abused their discretion into a legal question.").

Contrary to Petitioner's argument, the IJ concluded that the Government demonstrated by clear and convincing evidence that petitioner is a danger to the community. Bond H'ring Tr. 6, 12, ECF No. 19-3. The IJ arrived at this conclusion after weighing the evidence presented and determining that petitioner's prior arrest "clearly demonstrate[s] violent conduct" and that "he is still a danger to the community." *Id.* at 12. Petitioner was thus afforded the hearing required by due process, and his challenge to the IJ's discretionary determination must be rejected. *See Arevalo-Guasco*, 788 F. App'x at 27.

Petitioner's argument that the IJ improperly failed to credit petitioner's witness evidence is unavailing. A determination that a party's witnesses should not be credited does not itself establish that the IJ shifted the burden of proof to that party. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 333, 338 (2d Cir. 2006); *see also Guyadin v.*

3

*Gonzales*, 449 F.3d 465 at 470 (IJ's "credibility assessments" not within federal court's jurisdiction). To the contrary, the IJ held the government to its burden, denying bond only after considering both parties' evidence.

In light of the foregoing, petitioner's request for further relief from this Court must be denied. The Clerk of Court is respectfully directed to close the case.


SO ORDERED.


    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    June 23, 2026
        Brooklyn, New York